**SO ORDERED.**

**SIGNED March 10, 2020.**

_____
**STEPHEN D. WHEELIS
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WETSERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

In re: Christi Lynn Beauboeuf                                                            Case No. 17-80616

### REASONS FOR DECISION AND ORDER ON
### MOTION TO PRE-PAY PLAN PAYMENTS IN CHAPTER 13 CASE

The Debtor, Christi Lynn Beauboeuf, filed a Petition for Relief under Chapter 13 on June 19, 2017, and thereafter continued to consistently make payments pursuant to a Modified Plan (ECF No. 26) confirmed on March 1, 2018. (ECF No. 29). Debtor has paid a total of $11,277 through the first 29 months of the Plan term. On November 6, 2019, Debtor filed a "Motion to Pre-Pay Base," which seeks leave of this Court to tender the remaining plan payments due under the confirmed plan in one lump sum of $3,523. (ECF No. 32.) Debtor's Motion alleges the Debtor's father has offered to pay this amount on Debtor's behalf; however, the Debtor's father is under no legal obligation to do so and is not a co-obligor on the Debtor's obligations. *Id.* The Chapter 13 Trustee filed an Objection to the Motion, alleging it is a "disguised Motion to Modify" the Plan and that the applicable commitment period set forth under 11 U.S.C 1325(b)

prevents the Court from granting the Debtor's Motion. (ECF No. 34.) Upon payment, the Motion alleges Debtor would be entitled to a discharge.[1]

The parties filed briefs in support of their positions. Despite the opportunity, no further oral arguments were made at the final hearing and the matter was taken under advisement. For the following reasons, the Objection of the Chapter 13 Trustee is overruled and the Debtor's Motion is granted.

**The Terms of the Confirmed Plan**

By Order dated March 1, 2018 (ECF No. 29) the Court confirmed the current plan, as modified. (ECF No. 26) The Trustee recommended confirmation (ECF No. 30), and there were no objections to confirmation. Part 2.1 of the confirmed plan provides that Debtor will make regular payments of 37 months to the Trustee with a total of $2,400 being paid for the first six months and then payments of $400 per month for the next 31 months. (ECF No. 26.) The applicable commitment period is 36 months, as Beauboeuf is a below-median income debtor.

The Uniform Plan in this District provides for "Additional Payments" in part 2.3, which states that such payments are in addition to the monthly payments to be made under part 2.1. There are 3 options under part 2.3 – (1) "None", (2) a pledge of 50% of net recovery from causes of action, and (3) a pledge of income from "other sources." Part 2.3 of Debtor's Plan requires additional payments in the form of a pledge of 50% (or until all allowed unsecured claims are paid in full) of the net recovery from all causes of action, liquidated or unliquidated, unless otherwise ordered by the Court, option (2). (ECF No. 26 at p.2). The "check box" for other additional payments to the Trustee from "other sources," "including the sale of property, as specified below", option (3), – is not checked nor are any additional payments from any additional sources described as required. *Id.* The effect of Part 2.3 of the confirmed plan is to require the Debtor to pledge only 50% of any cause of action and nothing more. Part 5 of the plan proposes a dividend

---

[1] The parties failed to allege facts or provide evidence of the effect of the Debtor simply paying the remaining base amount due without seeking authority from this Court. The Trustee did not clarify whether he would file a Notice of Plan Completion should the Debtor simply make the payment.

2

of approximately 52.24% to unsecured creditors. [2] The "Order Approving Modification of a Confirmed Plan" contains no additional requirement to pledge additional income. (ECF No. 29).

**Law and Analysis**

The Trustee timely objected to the Motion and alleges at paragraph 3 that the motion fails to comply with Federal Rule of Civil Procedure 8 and Local Rule 9014-1(C)(5) "insofar as it does not state all the facts necessary to show that the pleader is entitled to relief." (ECF No. 34.) Further, Trustee alleges that there is "no relevant documentation supporting the motion." *Id.* The Trustee then alleges that the Motion "is a disguised Motion to Modify" the Plan and fails to meet the requirements of a modified plan. *Id.* Finally, the Trustee invokes 11 U.S.C. 1325(b)(4)(B) and states that the plan may be shortened to less than 36 months (the applicable commitment period) only if the plan provides for payment in full of all allowed unsecured claims. *Id.* The Trustee then submits that "December 2019 is month 30 of the 37 month plan and the confirmed plan base will only provide approximately $4,872.80 (49%) to the allowed general unsecured claim" [sic]. *Id.* It is relevant to note again that the Trustee did not object to confirmation of the plan. The requirement of Part 2.3 – as are all provisions of the confirmed plan – is res judicata. 11 U.S.C. 1327(a); *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 130 S.Ct 1367, 176 L.Ed.2d 158 (2010).

The confirmed plan, as modified, requires that Debtor pay $2,400 in total for the first 6 months of the plan and $400 per month for 31 months with a total payment to the Trustee of $14,800. (ECF No. 26.) The objection by the Trustee is not clear as to whether the Trustee believes less than $14,800 would be paid, although the motion clearly states that that amount would be paid and that amount clearly matches the proposed payment by the Debtor.

**The Objection as to the Insufficiency of Factual Allegations Lacks Merit**

The objection alleging failure to comply with Federal Rule of Civil Procedure 8 and Local Rule 9014-1(C)(5) is a familiar refrain in the Trustee's objections to many motions before this Court, but is not always warranted or tailored to the specific facts, and in this case, it must be overruled. The Trustee fails

---

[2] The original plan as immaterially modified and confirmed provided only a 22% dividend to unsecured creditors and contained no pledge of any additional income, causes of action or otherwise. (ECF No. 18.)

3

to state what additional facts would be necessary to entitle the Debtor to relief or what additional documentation would be needed to resolve his objection. The motion by the Debtor clearly states that the father of the Debtor is to provide an additional $3,523, as a gift to the Debtor, to finish the payments required under the confirmed Chapter 13 Plan, as modified. Nothing more, nothing less.

### The Motion is not a Disguised Motion to Modify the Plan

The confirmed plan in place requires 37 monthly payments. The Motion seeks to make all 37 payments rather than shortening the term of the plan to require less than 37 payments. It does not attempt to reduce the amount of total payments required under the plan and only seeks permission to accelerate the payments due and satisfy the total amount due in one lump sum payment. The Motion does not change the treatment of any class of creditors. The Motion makes no changes to the plan. Therefore, the Motion is not a Modification made pursuant to 11 U.S.C. §1329.

### The Chapter 13 Trustee's Objection under 11 U.S.C. § 1325(b)(4)(B)

The remaining issue appears to be whether the Debtor may make the final plan payments due in a lump sum, without modifying the Chapter 13 Plan, and obtain a discharge without, instead, making the remaining payments monthly until the 37th month of the plan. The Trustee couches the issue as "whether the Debtors may end their plan before the expiration of the applicable commitment period without paying 100%...and whether the Debtors may use proceeds that would be considered disposable income to end their plan before the expiration of the applicable commitment period without paying 100%." (ECF No. 36 at page 2.)

First, the Court notes that the Trustee's attempt to disguise the Motion as a modified plan and then urge an objection to confirmation under 11 U.S.C. § 1325(b), when, as noted, there is no plan proposed for consideration, jumps a procedural hurdle or two. Even if there were a Modified Plan filed under 11 U.S.C. 1329, there is the issue of whether the "disposable income objection" of § 1325(b) is even applicable to a Modification under § 1329, with no binding jurisprudence allowing the Chapter 13 Trustee to relitigate a

4

disposable income objection on a post-confirmation modification.³ The Court does not rule on that issue based on the current Motion.

In order to sustain the objection by the Trustee, the proposed gift by the father of the Debtor would need to be classified as "disposable income." "Disposable income" is defined as income received by the Debtor which is not reasonably necessary for the maintenance or support of the Debtor or his dependents. 11 U.S.C. 1325(b)(2). To define "disposable income" one must determine what is not only income but also what expenses are reasonably necessary. 11 U.S.C. § 101(30) provides that "individual with regular income" means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this Title…" 11 U.S.C. 101(30).

---

³ *See eg., In re Swain,* stating "The weight of authority is that § 1325(b) does not apply to § 1329 plan modifications." *In re Swain*, 509 B.R. 22 (Bankr. E.D.Va. 2014), citing *In re Martin*, No. 10-34790, 2013 WL 6196566 (Bankr.N.D. Ohio No. 27, 2013); *In re Crim*, 445 B.R. 868, 871 (Bankr.M.D.Tenn. 2011); *In re Kearney*, 439 B.R. 694, 696 (Bankr.S.D.Ohio 2008); *In re Howell*, No. 07-80365, 2007 WL 4124476, at *1 (Bankr.W.D.La.2007); *In re Ewers,* 366 B.R. 139, 142-44 (Bankr.D.Nev.20017); *In re Young*, 370 B.R. 799, 802 (Bankr.E.D.Wis.2007).

*Swain*, further providing a synopsis of the issue:

The Bankruptcy Appellate Panel for the Ninth Circuit address the issue in *Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 781 (9th Cir. BAP 2005) (decided prior to the enactment of BAPCPA8) and declared that "[s]ection 1329(b) expressly applies certain specific Code sections to plan modifications but does not apply § 1325(b). Period." *Id.* At 781. *See also* 8 Collier on Bankruptcy ¶ 1329.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("[S]ection 1325(b) is inapplicable to plan modifications…")

In *In re Davis*, 439 B.R. 863 (Bankr.N.D.Ill.2010), the Bankruptcy Court for the Northern District of Illinois reviewed the reasons many courts have given when holding that § 1325(b) is inapplicable to plan modifications. In *Davis,* an above-median income debtor with a confirmed plan paying 100% of unsecured claims was permitted to modify her plan after losing her job, with the result being that unsecured creditors would not be paid in full. *31 The court allowed the shortening of her plan from 54 months to 35 months over the trustee's objection that the plan length did not comply with § 1325(b) and gave three primary reasons for its decision. First, the court observed that plan modification is not the same as plan confirmation and, by its plain language, § 1325(b) applies to confirmation, not modification. *Id.* At 866.9 Second, § 1329(b) expressly applies only § 1322(a), 1322(b), 1323(c) and "the requirements of Section 1325(a)"10 to plan modifications and, therefore, under the maxim *expression unius est exclusion alterius*, § 1325(b) is excluded. Id. At 866-67.11 Third, no absurdity results if, using the canons of statutory construction, § 1325(b) is found to be inapplicable. The court pointed out that there are other code provisions available to prevent improper plan modifications and specifically noted that the good faith requirement of § 1325(a)(3) applies to plan modifications. *Id.* At 868-69.

The Fourth Circuit has not directly addressed whether § 1325(b) applies to plan modifications, although the case of *Murphy v. O'Donnell (In re Murphy)*, 474 F.3d 143 (4th Cir.2007) provides some insight. In *Murphy*, the court reversed the bankruptcy court's decision to grant a trustee's motion to modify the chapter 13 plan of one pair of joint debtors and affirmed the granting of a similar motion with respect to another pair of joint debtors. Each instance dealt with the joint debtors' desire to pay off a confirmed plan early with a less than 100% distribution to unsecured creditors.

*In re Swain*, 509 B.R. 22, 30-31 (Bankr.E.D. Va. 2014).

It is almost inconceivable that the Trustee could torture the definition of "regular income" and "disposable income" to support the position that a one-time gift of $3,523 in month 30 of the plan could be defined as anticipated, regular "monthly income" of the Debtor. It would in fact be difficult to conceive that the Trustee would ever consent to confirmation of a Chapter 13 Plan based upon a proposed random gift. Certainly the Trustee would argue, in that instance, that a random, one-time gift, to be paid at an unknown time or perhaps never received, was not "regular monthly income." The Court finds that the proposed gift from the father of the Debtor is not "disposable income" based upon the lack of evidence or "regular monthly income" and that proposed gift may be used by the Debtor to make plan payments remaining under the confirmed Chapter 13 Plan, as modified.

The reliance by the Trustee on 11 U.S.C. 1325 is misplaced under the current circumstances of this case. Section 1325 (b) applies only to the confirmation process and not to the method or source of payments made post-confirmation. Even were the Trustee to pursue a modified plan under Section 1329 to require the Debtor to pay additional amounts above the proposed gift, Section 1329 renders Section 1325(b) inapplicable and only requires that a modification meet the requirements of Section 1325(a). Given the failure of the Trustee to raise additional income issues during confirmation of the modified plan, as previously stated, and the recommendation of the Trustee in support of confirmation, knowing that Part 2.3 "Additional Payments" of the plan provided only for a pledge of recovery from causes of action and not a pledge of income from "other sources," the Court finds that the argument of the Trustee that the Debtor should now be required to modify a plan to include a one-time gift as "additional income" is dubious at best. Were the Court to deny the motion and were the Debtor to continue to make payments for the next 7 months, the Trustee and the creditors would be in no different position. The same amount of funds – the exact amount required by the confirmed Chapter 13 Plan, as modified – would be received by the Trustee and disbursed to the creditors. The Debtor has freely and voluntarily determined that she desires to use this gift to pay the remaining payments in her case. Whether she accomplishes this monthly, via payroll deduction over the next 7 months, or in one lump sum, the Court finds no distinction.

The position of this Court appears to be the majority position of most Bankruptcy Courts, and particularly of most courts within the U.S. Court of Appeals for the Fifth Circuit. *See Bayshore National Bank of Laporte v. Smith*, 252 B.R. 107 (E.D. Tex. 2000), aff'd, 252 F.3d 1357 (5th Cir. 2001); *In re McCollum*, 348 B.R. 377 (E.D. Bky 2006), aff'd, *In re McCollum*, 363 B.R. 789 (E.D.La. 2007); *In re Smith*, 252 F.3D. 1357 (5th Cir. 2001); *In re Howell*, No. 07-80365, 2007 WL 4124476, at *1 (Bankr.W.D.La.2007). In a decision affirmed by the U.S. District Court, Eastern District of Louisiana, Judge Elizabeth Magner discussed the application of accelerated lump sum payments in Chapter 13 cases. Siding with the majority, Judge Magner held that a lump sum payment does not violate 11 U.S.C. § 1329 and actually benefits the creditors by providing early payment on an agreed upon amount to be paid under the confirmed plan to creditors. Based upon the "time value of money" and the "bargain" agreed to at confirmation by and between the Debtor and her creditors, together with a strict interpretation of §1329, all parties benefit from the early payment and no modification of a plan is needed. *In re McCollum*, 348 B.R. 377 (E.D. Bky 2/22/3006), aff'd, *In re McCollum*, 363 B.R. 789 (E.D. La., 2/22/2007); *In re Smith*, 252 F.3d. 1357 (5th Cir. 2001); *In re Howell*, No. 07-80365, 2007 WL 4124476, at *1 (Bankr.W.D.La.2007).

The fact that the plan is confirmed and res judicata as to all parties and further that the confirmed plan provides no pledge of "Additional Payments" from "other sources" and in fact specifically excludes said payments, leads the Court to find that the arguments of the Trustee lack merit. 11 U.S.C. 1329 provides that a plan may be modified after confirmation but only "before the completion of payments under such plan…" 11 U.S.C. §f 1329(a). The Fifth Circuit has held that consistent with the provisions of Section 1329, and it plain language, it is undisputed that a plan cannot be modified once all payments have been made. *In re Meza,* 467 F.3d. 874 (5th Cir. 2006), citing *In re Moss*, 91 B.R. 563 (Bankr.C.D. Cal. 1988).

The Court certainly distinguishes the factual scenarios under which a Trustee's Motion to Modify the Plan would be appropriate upon knowledge of Debtor's receipt of a windfall such as a lottery win, large bonus, a tax refund, or other sources which can easily be determined to relate to taxable income. There is

7

no evidence here to indicate that any income is being received and that the amount at issue is anything more than a gift.

For the reasons stated above, the objections of the Trustee are overruled and the Motion is granted. Counsel for Debtor is ordered to submit a proposed Order in accordance with these reasons.

# # #